UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKINTUNDE AKINLEYE,

                Plaintiff,

-against-

THE CITY OF PEEKSKILL, et al.,

                Defendants.

**ORDER**

21-CV-10254 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Akintunde Akinleye ("Plaintiff"), proceeding *pro se*, commenced this action on December 2, 2021 and alleges that Defendants violated his constitutional rights. (Doc. 1). On March 3, 2022, Plaintiff sought a 90-day extension to effectuate service under Fed. R. Civ. P. 4(m), which the Court granted on March 4, 2022. (*See* Doc. 4, Doc. 7). On August 22, 2022, Plaintiff filed a letter with the Court stating that Defendants were in default. (Doc. 13). On August 23, 2022, this Court directed that to the extent Plaintiff seeks a default judgment, he must comply with Rule 4(B) of this Court's Individual Practices. (Doc. 14). On September 19, 2022, Plaintiff filed a letter and Proposed Certificate of Default. (*See* Doc. 15; Doc. 16). The Clerk of the Court rejected the Proposed Certificate of Default and outlined its various deficiencies in a docket entry later that same day. (*See* Sept. 19, 2022 Min. Entry). On October 3, 2022, Plaintiff filed another letter stating, in relevant part, "[t]his document is yet another notice, AND AFFIDAVIT . . . of default." (Doc. 17 at 1). On October 6, 2022, this Court once again referred Plaintiff to Rule 4(B) of this Court's Individual Practices and warned Plaintiff that failure to comply with the Court's Individual Practices "may result in dismissal of this action in its entirety, without prejudice, for want of prosecution under Federal Rule of Civil procedure 41(b)." (Doc. 18).

On November 7, 2022, this Court issued an Order to Show Cause warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before November 21, 2022, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution." (Doc. 20). On November 23, 2022, Plaintiff submitting a filing which read, "I do not understand your paperwork." (Doc. 21). Plaintiff has made no further attempt to obtain a Clerk's Certificate of Default or otherwise progress this case.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S.

626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## **ANALYSIS**

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to comply with three separate orders for over a little less than four months. On August 23, 2022, this Court issued an Order directing Plaintiff to comply with Rule 4(B) of this Court's Individual Practices should he intend to seek a default judgment in this action. (Doc. 14). After Plaintiff's proposed Clerk's Certificate of Default was rejected as deficient on September 19, 2022, the Court once again referred Plaintiff to Rule

4(B) of the Court's Individual Practices and warned that failure to comply "may result in dismissal of this action in its entirety." (Doc. 18). The Court then issued an Order to Show Cause on November 7, 2022 and warned that the action would be dismissed for want of prosecution unless, on or before November 21, 2022, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 19). Plaintiff failed to substantively respond to the Court's Order to Show Cause, only stating he "d[id] not understand" in a response filed on November 4, 2022. (Doc. 21). Plaintiff has made no attempt to obtain a Clerk's Certificate of Default in compliance with Rule 4(B) of this Court's Individual Practices despite being directed to do so three times over the course of nearly four months. This failure to comply with Court orders is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. The October 6, 2022 Order cautioned that failure to provide comply with Rule 4(B) of the Court's Individual Practices may result in dismissal of this action in its entirety, and the October 14, 2020 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Docs. 18, 20). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in nearly four months despite Orders directing him to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since August 2022 the Court has issued three Orders pressing Plaintiff to participate in this action and update his address. He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: White Plains, New York
December 12, 2022

_____
Philip M. Halpern
United States District Judge

5